■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LYNCH, Appellant.—Appeal by the defendant from a judgment of Supreme Court, Kings County (Vinik, J.), rendered November 8, 1985, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant intentionally caused serious physical injury to the vic-

tims without justification by shooting one victim in the abdomen and then shooting the retreating second victim in the back and left thigh. Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient to support the verdict (see, People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The numerous instances of prosecutorial misconduct cited by the defendant with respect to the People's summation do not constitute reversible error. The defendant failed to preserve for appellate review his challenges to most of these comments by either failing to object to them at all (CPL 470.05 [2]) or by failing to object to the adequacy of the court's curative instructions (see, People v Medina, 53 NY2d 951, 953; People v Santiago, 52 NY2d 865, 866). We note that even those instances of alleged prosecutorial misconduct which were arguably preserved for appellate review were fair responses to the allegations in the defense counsel's summation that the People's witnesses had fabricated their testimony (see, People v Marks, 6 NY2d 67, 77, cert denied 362 US 912; People v Lowen, 100 AD2d 518, 520).

We have considered the defendant's remaining arguments, including those raised in his pro se supplemental brief, and find them to be without merit. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.