■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK AUPPERLEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 8, 1989, convicting him of assault in the first degree, upon a jury verdict, and imposing a sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to adduce

sufficient proof to establish that he intended to cause serious physical injury to the victim. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The People's principal witness, who was sitting in the defendant's van during the entire incident, testified that he saw the defendant get out of the van with a shotgun in his hands and run to the front of the van, loading a round into the chamber as he ran. When he was directly in front of the van, he stopped, pointed the gun at the victim, who was only 15 to 20 feet away and had turned to face him, and fired. Clearly, any rational trier of fact could have found that the defendant intended to cause serious physical injury to the victim when he pointed the shotgun at him and fired it at close range *(see, People v Contes, supra; People v Almonte,* 135 AD2d 824).

The defendant further contends that the court erred in allowing the victim, who had no recollection of the incident, to testify. We disagree. Under the facts of this case, it was not inappropriate to allow the victim to testify. In any event, in light of the overwhelming proof there is no significant probability that had the victim not taken the witness stand, the jury would have acquitted the defendant *(see, People v Crimmins,* 36 NY2d 230, 243).

The defendant's contention that permitting the victim to testify in his Marine Corps dress uniform served to deprive him of a fair trial is also without merit *(see, People v Lloyd,* 141 AD2d 671), especially since the court found that the uniform improved the victim's over-all appearance and, therefore, gave the jury the impression that he was recovering from the serious physical injury he had sustained as a result of the crime.

The maximum sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.