■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL PALMER, Appellant. [602 NYS2d 921] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 13, 1989, convicting him of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, under Indictment No. 9169/88, upon a jury verdict, and sentencing him to an indeterminate term of 8⅓ to 25 years imprisonment for manslaughter in the first degree, to run consecutively to two concurrent terms of 5 to 15 years imprisonment for assault in the first degree and criminal possession of a weapon in the second degree, and (2) a judgment of the same court, rendered September 22, 1989, convicting him of burglary in the third degree under Indictment No. 7801/88, upon his plea of guilty, and sentencing him to an indeterminate term of 2 to 6 years imprisonment to run concurrently with the sentence imposed on Indictment No. 9169/88.

Ordered that the judgment imposed under Indictment No. 9169/88, is modified, on the law, by providing that the term of imprisonment imposed for manslaughter in the first degree shall run consecutively to the term of imprisonment imposed for assault in the first degree, but concurrently with the term of imprisonment imposed for criminal possession of a weapon in the second degree; as so modified, the judgment under Indictment No. 9169/88 is affirmed; and it is further,

Ordered that the judgment imposed under Indictment No. 7801/88 is affirmed.

There is no merit to the defendant's contention that the

trial court erred in failing to charge assault in the second degree as a lesser included offense of assault in the first degree, because no reasonable view of the evidence could support the finding that the defendant only intended to cause "physical injury" and not a "serious physical injury" to the complainant *(see, People v Glover,* 57 NY2d 61, 63; *People v Scarborough,* 49 NY2d 364, 373; *People v Cuba,* 154 AD2d 703, 704; *People v Tatta,* 177 AD2d 674). In viewing the evidence in the light most favorable to the defendant *(see, People v Johnson,* 45 NY2d 546, 549), we note that the defendant, acting in concert with another, followed the complainant and his companion into an apartment building, shot at the complainant's companion several times, hitting him in the back, buttocks, and legs, causing the companion's death, and also shot the complainant once in the buttocks. The defendant's conduct negated every possible hypothesis but the defendant's guilt of assault in the first degree *(see, People v Cuba, supra; People v Tatta, supra; People v McMillion,* 181 AD2d 997, 998; *People v Porter,* 69 AD2d 1007). Furthermore, there is no merit to the defendant's contention that the jury could have found that the complainant did not suffer a "serious physical injury" within the meaning of Penal Law § 120.10 (1) *(see, People v Beatty,* 134 AD2d 602).

Because the evidence in the record indicated that the counts charging the defendant with criminal possession of a weapon in the second degree and manslaughter in the first degree were not separate and distinct acts, the term of imprisonment imposed for criminal possession of a weapon should run concurrently with the term of imprisonment imposed for manslaughter. Therefore, we modify the sentence accordingly *(see, People v Huston,* 187 AD2d 275; *People v Wallace,* 152 AD2d 713). Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.