■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MORENO, Appellant. [650 NYS2d 306] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 6, 1994, convicting him of robbery in the first degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Curci, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly participated in the hearing is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the hearing court properly participated in the proceedings in order "to clarify the issues and facilitate the expeditious and orderly progress" of the hearing *(People v Wright,* 221 AD2d 577, 578; *see also, People v Moulton,* 43 NY2d 944; *People v Dominguez,* 210 AD2d 249; *People v Harrison,* 151 AD2d 778). In addition, the hearing court correctly determined that the showup identification was not unnecessarily suggestive *(see, People v Wright, supra; People v Duuvon,* 77 NY2d 541; *People v Dawson,* 185 AD2d 854).

The defendant failed to preserve for appellate review his contention that his conviction of assault in the first degree should be reduced to assault in the second degree because the evidence was insufficient to establish serious physical injury *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. The testimony of the complainant that the gunshot wound to his shoulder resulted in nerve damage to his right arm causing loss of sensitivity in his right hand was legally sufficient to establish the " 'protracted loss or impairment of the function of any bodily organ' " *(People v Wright, supra,* at 578; *see,* Penal Law § 10.00 [10]; § 120.10 [4]; *see also, People v Kern,* 75 NY2d 638; *People v Palmer,* 197 AD2d 712; *People v Blunt,* 176 AD2d 741). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.