■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SPAULDING, Also Known as SKEEZE, Appellant. [669 NYS2d 423] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered September 21, 1994, (1) convicting defendant following a nonjury trial of the crimes of assault in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the second degree (two counts), and (2) convicting defendant upon his plea of guilty of the crimes of assault in the first degree and criminal possession of a weapon in the second degree.

Defendant was indicted in November 1993 on two counts of attempted murder in the second degree, four counts of assault in the first degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and four counts of reckless endangerment in the second degree. The charges stemmed from two separate incidents which occurred November 19, 1992 and April 12, 1993 in the City of Kingston, Ulster County. After denying defendant's suppression motion, County Court granted defendant's severance motion resulting in separate trials for

---

each incident. Thereafter, defendant waived his right to a jury trial.

Following a nonjury trial on those counts of the indictment pertaining to the April 12, 1993 incident, defendant was convicted of one count of assault in the second degree, criminal possession of a weapon in the second degree and two counts of reckless endangerment in the second degree. Defendant was found not guilty of attempted murder in the second degree and one count of assault in the first degree and County Court dismissed, as lesser included offenses, the charges of criminal possession in the third degree and reckless endangerment in the first degree. Defendant later entered a plea of guilty to assault in the first degree and criminal possession of a weapon in the second degree in satisfaction of the remaining charges arising out of the November 19, 1992 incident. Defendant was sentenced to indeterminate terms of imprisonment of 5 to 15 years for each of the assault in the first degree convictions, indeterminate terms of imprisonment of 1 to 3 years for each of the criminal possession of a weapon in the second degree convictions and one year for each of the reckless endangerment in the second degree convictions, all sentences to be served concurrently. Defendant appeals.

We affirm. A person is guilty of assault in the first degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). At the nonjury trial, the victim testified that on the day in question he first saw defendant walking along a street in Kingston with another man and that he knew defendant as "Skeeze". Later, the victim saw defendant walk up the street, stand at a corner and request that he and his friends come down the street; when the victim and his friends did not respond, defendant started walking up the other side of the street. The victim further testified that defendant pulled a gun from his waistline and pointed it at him and his friends and that he, the victim, started running. The victim identified defendant as the man with the gun. Another prosecution witness, who lived on the street where the shooting occurred, testified that she was at home on the day of the shooting and that her house was opposite the house in front of which the victim was standing before he was shot. The witness identified defendant and explained that she had known defendant for almost a year. She further testified that she saw defendant on her side of the street, saw defendant pull the gun out, point it and shoot it. She also testified that he pointed the gun at

everyone in the group and that she saw everyone running. Another prosecution witness testified that he was hanging out on the street with several people including the victim when the victim was shot and that he saw the shooter. This witness identified the shooter as defendant.

Viewing the evidence adduced at the nonjury trial in the light most favorable to the People (*see, People v Kern*, 75 NY2d 638, 658, *cert denied* 498 US 824; *People v Contes*, 60 NY2d 620), we conclude that the evidence was legally sufficient to establish that defendant intended to cause serious physical injury to at least one of the persons in the victim's group. Two eyewitnesses and the victim testified that defendant fired several shots in the direction of the group. The victim specifically stated that defendant "just pointed [the gun] at us". Testimony also demonstrated that one of the bullets struck the victim in the leg causing serious physical injury. In our view, even though defendant's precise target was not established, the testimony was sufficient to demonstrate that defendant deliberately sought out the victim and his group with the intention of causing serious physical injury to one or more of them (*see, People v Fernandez*, 88 NY2d 777, 781; *People v Lynch*, 135 AD2d 865, *lv denied* 70 NY2d 1008). Moreover, upon the exercise of our factual review power, we are satisfied that County Court's verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Davis*, 72 NY2d 32; *People v Bracey*, 41 NY2d 296).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.