■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDSEL PRITCHARD, Appellant. [680 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered March 11, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the court properly granted the People's reverse-*Batson* application and denied as pretextual his peremptory challenge to a particular juror (*see, Batson v Kentucky,* 476 US 79; *People v Payne,* 88 NY2d 172; *People v Allen,* 86 NY2d 101).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RIVERA, Appellant. [681 NYS2d 75] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered January 4, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the facts of this case, the trial court did not err in allowing into evidence the sworn tape-recorded statement of the defendant's brother as a past recollection recorded (*see, People v Raja,* 77 AD2d 322). Further, in light of the overwhelming proof of guilt, any error would have been harmless beyond a reasonable doubt.

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.