■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAREC FOSTER, Appellant. [717 NYS2d 303] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 18, 1996, convicting him of manslaughter in the first degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, any possible taint arising from his warrantless arrest was attenuated by the time he made his statements to the police (*see, People v Conyers*, 68 NY2d 982; *People v Benjamin*, 257 AD2d 660; *People v Quinones*, 254 AD2d 308; *People v Williams*, 141 AD2d 786). Accordingly, the hearing court properly denied those branches of the

defendant's omnibus motion which were to suppress his statements and a gun subsequently recovered from his apartment, on the ground that they were the products of an illegal arrest.

The defendant has not preserved for appellate review his contention that the evidence was legally insufficient to establish that the complainant Trevor Smith suffered a serious physical injury and, thus, that his conviction of the count of assault in the first degree concerning this complainant should be reduced to assault in the second degree (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Moreno,* 233 AD2d 531). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove that this complainant, who sustained multiple gunshot wounds, suffered a serious physical injury within the meaning of Penal Law § 120.10 (1) (*see, People v Palmer,* 197 AD2d 712). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see,* CPL 470.15 [5]). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.