■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LINTON, Also Known as MICHAEL LUCAS, Appellant. [800 NYS2d 627]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 25, 2000, convicting him of assault in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Justice Spolzino has been substituted for the late Justice Altman (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant intentionally and repeatedly shot the complainant, who sustained gunshot wounds to his hip, back and both his hands. The shooting was witnessed by several individuals

who testified at trial. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 120.10 [1]; *People v Foster,* 278 AD2d 241 [2000]; *People v Palmer,* 197 AD2d 712 [1993]; *People v Aupperlee,* 168 AD2d 561 [1990]; *People v Lynch,* 135 AD2d 865 [1987]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The record did not establish that the complainant refused to testify, but rather, at the time of the trial, he no longer remembered the details of the shooting. As such, his grand jury testimony, which he described as accurate when given, was properly admitted as a past recollection recorded to supplement his in-court testimony, which was subject to cross-examination (*see People v Taylor,* 80 NY2d 1, 8-9 [1992]; *People v Rivera,* 255 AD2d 608 [1998]; *People v Turner,* 210 AD2d 445 [1994]). A *Sirois* hearing was not required (*see People v Geraci,* 85 NY2d 359 [1995]; *Matter of Holtzman v Hellenbrand,* 92 AD2d 405 [1983]).

In *Crawford v Washington* (541 US 36, 53-54, 59 [2004]), the United States Supreme Court held that it was a violation of an accused's Sixth Amendment right to confront the witnesses against him, where testimonial evidence is admitted from a presently unavailable witness and there was no prior opportunity to cross-examine the witness. Although the Supreme Court declined to offer a comprehensive definition of "testimonial" evidence, grand jury testimony was specifically included in the class of prior testimonial evidence which implicates the Confrontation Clause in the event the witness is not available for cross-examination at trial (*id.* at 68). Here, the victim, whose prior grand jury testimony was read to the petit jury, testified at trial and was subject to cross-examination. Accordingly, there was no violation of the Confrontation Clause.

In any event, in light of the uncontradicted testimony of the two eyewitnesses, who unequivocally identified the defendant and described the shooting in great detail, the admission of the victim's grand jury testimony was harmless beyond a reasonable doubt (*see People v Douglas,* 4 NY3d 777, 779 [2005]; *People v Crimmins,* 36 NY2d 230, 237-238 [1975]; *People v Ruis,* 11 AD2d 714, 715 [2004]; *People v McBee,* 8 AD3d 500, 501 [2004]; *cf. People v Hardy,* 4 NY3d 192 [2005]).

The verdict finding the defendant guilty of assault in the first degree and not guilty of criminal possession of a weapon in the

second degree was not inconsistent (*see People v Tucker,* 55 NY2d 1, 7 [1981]; *People v Menner,* 2 AD3d 650 [2003]; *People v Anthony,* 273 AD2d 246 [2000]; *People v Holloway,* 253 AD2d 767 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). H. Miller, J.P., Goldstein, Spolzino and Skelos, JJ., concur.