**Daniel RIVERA, Petitioner–Appellant,**

**v.**

**Leonard A. PORTUONDO,**
**Respondent–Appellee.**

**No. 03–2538–PR.**

United States Court of Appeals,
Second Circuit.

Dec. 5, 2005.

Peter F. Langrock, Langrock Sperry and Wool, LLP (Frank H. Langrock, on the brief), Middlebury, VT, for Appellant.

Lisa Drury, Special Assistant District Attorney, Queens County (Richard A. Brown, District Attorney, Queens County, John M. Castellano, Assistant District Attorney, on the brief), Kew Gardens, NY, for Appellee.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and EATON, Judge.*

Petitioner Daniel Rivera appeals from a judgment entered on August 5, 2003, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

The Appellate Division rejected Rivera's claim that the trial court committed evidentiary error before concluding that, "in light of the overwhelming proof of guilt, any error would have been harmless beyond a reasonable doubt." *People v. Rivera,* 255 A.D.2d 608, 681 N.Y.S.2d 75 (2d Dep't 1998). Whether the trial court committed evidentiary error under New York state law is irrelevant because, even if error had occurred, the Appellate Division did not unreasonably apply *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in determining that any constitutional error in admitting the audiotape would have been harmless. *See Gutierrez v. McGinnis,* 389 F.3d 300, 306 (2d Cir.2004) (reviewing state court harm-

---

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

less error analysis of constitutional error to determine whether the court unreasonably applied *Chapman*). The evidence of Rivera's guilt, including the testimony of Rivera's brother, his flight from the apartment following the murder, his absence from work the day after the murder, his failure to attend the funeral, and evidence of previous physical abuse of the deceased by Rivera, was ample. In light of this evidence, we cannot conclude that the state court's application of *Chapman* was objectively unreasonable.

As for petitioner's claim of ineffective assistance of appellate counsel addressed in his appellate brief, the district court declined to grant a certificate of appealability ("CoA") on this issue, and petitioner has not moved in this Court for a CoA. We decline to amend the CoA to include this claim because Rivera has not made the requisite showing that a reasonable jurist could disagree with the district court's resolution of it. *See Cotto v. Herbert,* 331 F.3d 217, 236–37 (2d Cir.2003) (stating that this Court may construe the filing of a notice of appeal as a request for a CoA on all issues raised on appeal and noting the appropriate standard). Were we to consider petitioner's claim, it is clear that the state court's decision that Rivera was not denied the effective assistance of appellate counsel, *People v. Rivera,* 272 A.D.2d 417, 707 N.Y.S.2d 904 (2d Dep't 2000), was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel challenged on appeal the admission at trial of the witness's audiotaped statement under the "past recollection recorded" exception to the rule against hearsay on a stronger ground than that the recording was not properly authenticated. Counsel's performance thus did not fall below an objective standard of reasonableness. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d

Cir.1994) (noting that "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker").

For the foregoing reasons, we AFFIRM the district court's denial of habeas relief.