■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS TATTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 20, 1988, convicting him of assault in the first degree (six counts), unlawful imprisonment in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

Contrary to the defendant's contentions, the Supreme Court did not err by denying his application to submit assault in the second degree to the jury as a lesser included offense of assault in the first degree. Although it is impossible to commit assault in the first degree with intent to cause *serious physical injury,* and to cause such injury, without also committing assault in the second degree with intent to cause *physical injury,* no reasonable view of the evidence would support a conclusion that defendant caused only physical injury and not serious physical injury to the victim *(People v Glover,* 57 NY2d 61). Even viewing the evidence in the light most favorable to the defendant *(see, People v Discala,* 45 NY2d 38), there was undisputed evidence that the victim was in a coma after the defendant's attack, and will remain confined to a wheelchair for the rest of her life. These facts show that no reasonable view of the evidence would support a finding that the defendant intended or caused only *physical injury* so as to warrant this submission of the lesser included offense of assault in the second degree to the jury. The type of weapon used, a six-inch knife, the manner in which it was used, and the number and location of the stab wounds, exclude " ' "every possible hypotheses" ' [except the defendant's] guilt of assault in the first degree" *(People v Cuba,* 154 AD2d 703, 704; *People v Porter,* 69 AD2d 1007).

The statutory purposes for filing a predicate felony statement (CPL 400.21) are to apprise the court of the prior conviction and to provide the defendant with reasonable notice and an opportunity to be heard. It undisputed that the predicate felony statement filed by the People failed to comply with the mandate of CPL 400.21 (2), and failed to establish that the defendant's 1975 conviction should be considered as a predicate offense for purposes of enhanced punishment *(see, People v Graybosch,* 139 AD2d 664, 665). The People's failure to provide an exact statement of the time served by the

defendant for his prior conviction is not harmless *(see, People v Bouyea,* 64 NY2d 1140, 1142), and the substantial compliance suggested by the People is of no moment. Under these circumstances, we vacate the sentence imposed, as a matter of law, and remit the matter to the Supreme Court for resentencing.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.