(January 14, 1992)

The People of the State of New York, Respondent, v Robert Emphram, Appellant

Defendant and another were charged with selling crack to an undercover officer. The officer testified that when he asked defendant for crack, defendant beckoned him to an alley where defendant spoke briefly with his codefendant and then gave the officer two vials of crack in exchange for ten dollars. The officer returned to his car, radioed a description of defendant and codefendant to his backup team and after defendant was arrested, made an on-scene identification. Defendant established that the clothing depicted in his arrest photograph did not match the description that the undercover officer had broadcast to the arresting officer.

In summation, counsel argued that defendant "had the misfortune of being close to something that took place or didn't take place or who knows really, but he is ensnared", and emphasizing that defendant did not have the prerecorded

buy money or any other drugs, that the prosecutor wanted the jury to speculate on the disposition of the money. Counsel also argued that defendant had not switched clothing at the precinct or elsewhere, and compared the police testimony to "bad fish" that "smelled." Finally, counsel argued the possibility of a mistake because the police reserve sophisticated equipment for more important cases.

The prosecutor responded that the reason defendant did not have any drugs when arrested was because he did not have any drugs when the undercover officer first approached him. The prosecutor called counsel's comments concerning the clothing and the absence of a videotape a "smokescreen" and a "red herring", and claimed that the undercover officer was the best witness as to what had happened because he had "eyeballs * * * his brain and his recollection * * * [h]e is a much better judge of what happened than some scientific evidence." The prosecutor also argued that the prompt identification established that the wrong man had not been arrested, that the only way to find that defendant was not guilty of selling cocaine would be to find that the undercover officer was a liar, and that the officers did not need to create arrests, the thought of which "insults your intelligence."

Defendant now argues that the prosecutor denigrated his mistaken identification theory and the integrity of defense counsel by vouching for the credibility of his witnesses and appealing to the jurors' emotions, but none of these claims are preserved. No objections were made to the various comments that defendant singles out on appeal. In any event, were we to reach these claims in the interest of justice, we would find them to be without merit. The prosecutor's comments were a reasonable response to counsel's claim that defendant was ensnared, and that the arrest was the product of police carelessness or disinterest. The summation in this case did not deprive defendant of a fair trial *(People v Galloway,* 54 NY2d 396).

Defendant's argument that the court's "no inference" charge was error is also unpreserved *(People v Autry,* 75 NY2d 836). While the better practice is to limit a no inference charge to the bare language of CPL 300.10 (2) *(People v Rogers,* 48 NY2d 167, 174, n 3); were we to review this claim in the interest of justice, we would find no error *(People v Diggs,* 151 AD2d 359, *lv denied* 74 NY2d 895).

Defendant's *pro se* argument that he was deprived of effective assistance of counsel cannot be determined on direct

appeal because it is based on matters dehors the record *(People v Jones,* 55 NY2d 771, 773).

The sentence, although legal, is unduly harsh and severe, taking into account defendant's prior record and the fact that he appears to have been a small-scale seller. Accordingly, the judgment is modified to the extent indicated (CPL 470.15 [6] [b]). Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.