■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORTUNATO ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 31, 1990, convicting defendant, after a jury trial, of burglary in the third degree, petit larceny and criminal mischief in the fourth degree, and sentencing him as a second felony offender to a term of of 3½ to 7 years for the burglary, to run consecutively to the concurrent terms of 1 year for the criminal mischief and 1 year for the petit larceny, unanimously modified, on the law, to vacate the sentence imposed for the burglary and to remand for resentencing, and otherwise affirmed.

The trial court did not err in refusing to impose any sanction for the People's failure to preserve the "911" tapes. The People did not fail to exercise due diligence, since no specific request for the tapes was made until after they had been routinely destroyed *(People v Hyde,* 172 AD2d 305, 306, *lv denied* 78 NY2d 1077), and defendant was not prejudiced by the destruction of the tapes, since they did not relate to him or to the crime charged *(see, People v Martinez,* 71 NY2d 937, 940).

The bolstering of the eyewitness's identification testimony does not require reversal under the circumstances here presented, since, to the extent the issue is preserved, the court promptly sustained defense counsel's objection to the testimony and directed the jury to disregard it. Moreover, defendant does not contest that similar testimony was properly admissible on rebuttal, after he questioned whether and how the eyewitness made his identification *(People v Carll,* 184 AD2d 236, *lv denied* 80 NY2d 902), and, in any event, any error was harmless in view of the overwhelming evidence of guilt *(see, People v Johnson,* 57 NY2d 969).

Defendant was not deprived of a fair trial by remarks made by the prosecutor in summation, the comments being for the most part a fair response to the defense summation and an attempt to put the defense arguments, and the evidence, into

proper context *(People v Emphram,* 179 AD2d 402, *lv denied* 79 NY2d 947).

Finally, although defendant may well be a second felony offender, the People failed to satisfy the requirements of CPL 400.21 (2) and Penal Law § 70.06 (1) (b) (iv) and (v) by relying only on the NYSIID sheet for proof of the period of defendant's prior incarceration during which the statute was tolled *(see, People v Tatta,* 177 AD2d 674, *lv denied* 79 NY2d 923; *People v Bush,* 74 AD2d 927). Accordingly, the case should be remanded for resentencing on the burglary count, at which time the People may avail themselves of the opportunity to comply with the statutory requirements. Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ.