■ The People of the State of New York, Respondent, v Jose Trevesu, Appellant. [611 NYS2d 8] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered on or about May 2, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and sentencing him to concurrent terms of 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Upon viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that the police officer's opportunity to observe defendant in the well-lit street from a distance of 10 feet together with his unequivocal in-court identification and defendant's inculpatory post-arrest statements to a prison inmate concerning the subject shooting incident are legally sufficient to establish defendant's identity and guilt beyond a reasonable doubt (see, People v Burton, 194 AD2d 683, lv denied 82 NY2d 752; People v Stokes, 188 AD2d 627, lv denied 81 NY2d 795).

Defendant's claim concerning improper bolstering of the eyewitness' identification testimony does not require reversal under the circumstances presented, since, to the extent the issue is preserved, the court promptly sustained defense counsel's objection to the testimony and directed the jury to disregard it (People v Ortiz, 188 AD2d 292, lv denied 81 NY2d 890). Since defendant did not voice any complaint concerning the adequacy of the court's curative instruction he should not now be heard to complain about it.

Contrary to defendant's contention, it was not reversible error to admit into evidence a radio run of "dispute and a firearm" in connection with defendant's arrest seven weeks after the subject shooting incident. The court granted the defendant's alternative request for a limiting curative instruction and the jury is presumed to have followed it (People v Davis, 58 NY2d 1102, 1104).

Finally, we find the trial court did not abuse its discretion in allowing consolidation of the indictments against defendant Trevesu and co-defendant Ramos, both of whom were involved in a street shootout when the police arrived on the scene (see, People v Mahboubian, 74 NY2d 174, 183). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.