■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAVERLY BRISBANE, Appellant. [613 NYS2d 368] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered February 5, 1992, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The IAS Court's instructions regarding defendant's absence were not erroneous. The jury observed that defendant, who had been present for the day's proceedings, suddenly was absent after a break was taken. Under these circumstances, it was appropriate to inform the jury that defendant had *chosen* to leave because, as the court stated, "it would be totally inappropriate for the jury to believe that somehow the defendant was being punished or was being excluded from the courtroom". Although the court, in its initial charge on this matter, failed to instruct the jury not to draw any adverse inference from defendant's absence, this omission was cured later in the day in the main charge when the court so instructed the jury. Finally, we note that the court did not draw unnecessary attention to either defendant's absence or his failure to testify *(compare, People v Allan,* 192 AD2d 433, 434).

We have considered defendant's remaining contentions and

find them to be without merit. Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.