**Louis TATTA, Petitioner,**

v.

**Robert MITCHELL, Superintendent, Respondent.**

No. 94–CV–3222 (FB).

United States District Court, E.D. New York.

April 11, 1997.

Louis Tatta, Napanoch, pro se.

Richard A. Brown, District Attorney, Queens County by Steven J. Chananie, Kew Gardens, for Respondent.

### *MEMORANDUM AND ORDER*

BLOCK, District Judge.

Petitioner Louis Tatta ("Tatta"), *pro se,* seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254. The petition is denied.

### BACKGROUND

On July 26, 1987, Tatta entered Arlene Shaw's ("Arlene's") apartment, without her permission, and stabbed her in the arm, neck and chest with a knife. He also knifed Arlene's sister, Lilly Shaw ("Lilly"), in the neck, abdomen, eyelid, nasal passage, and under her breast. As a result of these attacks,

Lilly was disfigured and visually impaired, while Arlene was rendered comatose and quadriplegic. A jury thereafter convicted Tatta in the Supreme Court, Queens County, of, *inter alia,* one count of burglary in the first degree (based on intent to cause injury to Arlene), and six counts of assault in the first degree—four counts of which were based on intentionally causing serious physical injury to the victims (two for each), and two of which involved recklessly and with depraved indifference to human life causing them serious physical injury (one for each). His subsequent sentence included the imposition of consecutive sentences for the burglary and the assault on Lilly.

Tatta appealed, contending, *inter alia,* that the trial judge erred in refusing to charge assault in the second degree pursuant to § 120.05 of the New York Penal Law ("N.Y.P.L.") as a lesser included offense of assault in the first degree under § 120.10. The Appellate Division expressly rejected this claim. *People v. Tatta,* 177 A.D.2d 674, 675, 576 N.Y.S.2d 368, 369 (2d Dep't 1991) ("Contrary to the defendant's contentions, the Supreme Court did not err by denying his application to submit assault in the second degree to the jury as a lesser included offense of assault in the first degree."). However, for reasons not presently pertinent, the appellate court remanded for resentencing. While the resentencing was pending, Tatta unsuccessfully sought leave to appeal from the substantive non-sentencing aspects of the Appellate Division's determination. *People v. Tatta,* 79 N.Y.2d 923, 582 N.Y.S.2d 83, 590 N.E.2d 1211 (1992) (Wachtler, J.). He also brought on a motion before the Supreme Court, *pro se,* pursuant to New York Criminal Procedure Law ("N.Y.C.P.L.") §§ 330.30, 330.40 and 330.50, to set aside the jury verdict on a number of grounds that apparently had not been raised in his appeal, including the sufficiency of the evidence in respect to the assault and burglary counts. The Supreme Court denied this motion in its entirety on April 14, 1992, and on April 23, 1992, the court adhered to its original sentence.

Tatta then appealed from both of these orders to the Appellate Division. In respect to the Supreme Court's April 23rd order, he claimed that the court incorrectly adhered to its original sentence. In respect to the April 14th order, he submitted a *pro se* supplemental brief seeking to have his conviction overturned on the grounds, *inter alia,* that: (1) the trial court failed to prove beyond a reasonable doubt his guilt of (a) two intentional first-degree assaults against Lilly, and (b) two intentional first-degree assaults against Arlene; and (2) the imposition of consecutive sentences for the burglary and for the assault on Lilly was Double Jeopardy. The Appellate Division granted Tatta relief on the sentencing issue, reducing the minimum term of imprisonment on each count from ½ to ⅓ of the maximum term, and dismissed the appeal from the April 14th order, commenting in that regard: "With respect to the issues raised by the defendant in his supplemental *pro se* brief, we find that most of them are not properly before this court as he failed to obtain permission to appeal the denial of his postjudgment motion (*see* N.Y.C.P.L. § 450.15) or cannot be raised on an appeal from a resentencing (citations omitted)." *People v. Tatta,* 196 A.D.2d 328, 331, 610 N.Y.S.2d 280, 283 (2d Dep't 1994). Once again, Tatta unsuccessfully sought leave to appeal to the Court of Appeals. *People v. Tatta,* 83 N.Y.2d 972, 616 N.Y.S.2d 25, 639 N.E.2d 765 (1994) (Simons, J.). He now raises in this habeas proceeding the same issues which he raised before the Appellate Division in his supplemental *pro se* brief.

## DISCUSSION

While it appears that Tatta's habeas claims may well be procedurally barred in light of the Appellate Division's disposition of the issues raised in his supplemental brief to that court, the Court will nonetheless address the merits of these issues because: (1) the Appellate Division stated that "most of them," rather than all of them were not properly before that court, *see Reid v. Senkowski,* 961 F.2d 374, 377 (2d Cir.1992) (where a "state court [does] not clearly and expressly state whether it had examined the merits of [a federal claim] or had relied on a procedural default," the claim is "properly subject to federal habeas corpus review"); and (2) they arguably invoke constitutional

concerns. *See Gray v. Netherland,* —— U.S. ——, ——, 116 S.Ct. 2074, 2083, 135 L.Ed.2d 457 (1996) ("habeas relief is appropriate only if 'a state court considering [the petitioner's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.'") (quoting *Saffle v. Parks,* 494 U.S. 484, 488, 110 S.Ct. 1257, 1260, 108 L.Ed.2d 415 (1990)); *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979) (conviction allegedly lacking sufficient proof is proper ground for *habeas corpus* review); *Einaugler v. Supreme Court of the State of New York,* 109 F.3d 836, 839–40 (2d Cir.1997); *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970) (claims addressing violation of the Double Jeopardy Clause clearly constitutionally-based).

## 1. The Sufficiency of the Proof

Tatta alleges that the evidence of the first degree assaults adduced at trial was insufficient and "jumbled" in respect to: (1) intentionally causing serious physical injury to Arlene and Lilly by means of a dangerous instrument, (2) with intent to disfigure Arlene and Lilly seriously and permanently or to destroy, amputate and disable permanently a member and organ of them, causing such injury to them, and (3) under circumstances evincing a depraved indifference to human life, recklessly engaging in conduct which created a grave risk of death to Arlene and Lilly and thereby causing serious physical injury to them. Specifically, he contends that (1) Arlene incurred only one serious physical injury to her chest, after Tatta had been hit by a taser, and was acting involuntarily, and (2) "[t]he two facial injuries sustained by Lily Shaw .... were inflicted simultaneously when petitioner ran after Lily's sister Arlene Shaw *unarmed* ... and immediately following with both Arlene and Lily Shaw physically striking petitioner with objects then subsequently petitioner grabbing a knife slashing wildly." (Pet'r Mem. of Law at 9–10.)

It is well-settled that in challenging the sufficiency of a conviction, the petition will be granted only if the federal court, viewing the evidence in the light most favorable to the prosecution and drawing all inferences in its favor, finds that no rational trier of facts could have found proof of guilt beyond a reasonable doubt. *Jackson,* 443 U.S. at 319–24, 99 S.Ct. at 2789–92; *Einaugler,* 109 F.3d 836, 839–40; *Bossett v. Walker,* 41 F.3d 825 (2d Cir.1994); *Wheel v. Robinson,* 34 F.3d 60, 66 (2d Cir.1994). First degree assault requires: (1) causing serious physical injury, (2) intentionally, or recklessly and with depraved indifference to human life. *See* N.Y.P.L. §§ 120.10(1), (2) and (3); *Jackson,* 443 U.S. at 324, 99 S.Ct. at 2791–92 (federal habeas court must look to the substantive elements of the crime as defined by state law to see whether, as a matter of federal law, there was sufficient evidence for a jury to find that the prosecution proved each); *Einaugler,* 109 F.3d 836, 840 (evidence sufficient where "a jury could have found, and apparently did find, that 'the combination of many small pieces of valid evidence—each of which [was] established more probably than not' was adequate, in sum, to establish the elements of each crime beyond a reasonable doubt.") (quoting *United States v. Martinez,* 54 F.3d 1040, 1045 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 545, 133 L.Ed.2d 448 (1995)); *Green v. Abrams,* 984 F.2d 41, 44–45 (2d Cir.1993).

■ Tatta's argument that he did not act intentionally, or recklessly and with depraved indifference to human life is ludicrous. In respect to the intentional assaults against Arlene, Lilly testified at trial that Tatta "kept saying he was going to stab [Arlene] in the head." (Tr. at 177.)[1] Eyewitness Janet Spivey testified that she heard Tatta repeatedly threaten to kill Arlene and Lilly, and that she saw Tatta stab Arlene "about three times" in the arm. (Tr. at 124, 147–49.) In respect to the intentional assaults against Lilly, Lilly testified that, while holding a knife, Tatta threatened to kill her and her sister, that he slashed her with the knife, cutting through her eyelid and nasal passage, and that he stabbed her numerous times in the neck, abdomen, and under her breast.

---

1. References to "Tr." are to the trial transcript.

(Tr. at 176, 180–83.) As for the first degree reckless assaults, a jury could have reasonably found that, after being struck by the taser gun, Tatta recovered, reached across his chest and then recklessly and with depraved indifference to Arlene's life, stabbed her in the chest, and that the injuries to Lilly after Tatta was struck by the victims were done recklessly and with depraved indifference to her life. (Tr. at 240.) *See* N.Y.P.L. § 120.10 and Art. 125 Commentaries (describing "depraved indifference to human life" standard).

■ Second, the jury obviously could have reasonably concluded that Arlene and Lilly suffered serious physical injuries from the knife slashes. *See* N.Y.P.L. § 10.00(10) ("serious physical injury" means "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ"); *People v. Greene,* 111 A.D.2d 183, 488 N.Y.S.2d 812 (2d Dep't 1985) (serious physical injury found where the victim suffered two knife cuts, one of which was to the neck, requiring 120 stitches and resulting in a substantial keloid scar). Lilly testified that after the attack, she had photophobia, trouble moving her left eye, facial disfigurement requiring plastic surgery, and trouble with her vision for many months, while Arlene was hooked to a life support system, could not feed herself and was wearing diapers. (Tr. at 187–89.) *See Tatta,* 177 A.D.2d at 674, 576 N.Y.S.2d at 369 (finding, correctly, that "there was undisputed evidence that [Arlene] was in a coma after the defendant's attack, and will remain confined to a wheelchair for the rest of her life").

Accordingly, the Court agrees with the Appellate Division that, as to §§ 120.10(1), (2) and (3), "[t]he type of weapon used, a six-inch knife, the manner and location of the stab wounds, exclude 'every possible hypotheses' [sic] except the defendant's guilt of assault in the first degree." *Tatta,* 177 A.D.2d at 674, 576 N.Y.S.2d at 369–70.

### 2. Failure to Charge Second Degree Assault As Lesser Included Offense

■ The standard for charging a lesser include offense is, in part, subsumed in the sufficiency of the evidence analysis. *Rice,* 846 F.2d at 165 (it is well-established that "[a] trial judge must charge the jury on lesser included offenses when (1) it is theoretically impossible to commit the greater crime without committing the lesser crime and (2) a reasonable view of the evidence would permit the jury to find that the defendant had committed the lesser, but not the greater, offense") (citing *Keeble v. United States,* 412 U.S. 205, 212, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973)); *Collins v. Irvin,* 1995 WL 451022, at *3 (E.D.N.Y. July 19, 1995) (since "no reasonable view of the evidence would permit the jury to find that the defendant had committed the lesser, but not the greater offense," lesser included offense charge was not required). Since it is not disputed that second degree assault is a lesser included offense of first degree assault and since the Court has determined there was sufficient evidence in support of the first degree assault charges, instructing the jury on the lesser included offense was not required.

### 3. Double Jeopardy For Consecutive Sentences

■ The trial court's imposition of consecutive sentences was proper since the assault on Lilly was a separate crime from, not a material element of, the burglary. *See People v. Day,* 73 N.Y.2d 208, 210–11, 538 N.Y.S.2d 785, 787, 535 N.E.2d 1325, 1327 (1989) (finding criminal acts separate and explaining that "[t]he court rejects defendant's argument that a consecutive sentence was barred because the crimes of conviction in this case arose from a single act"); *People v. Catone,* 65 N.Y.2d 1003, 494 N.Y.S.2d 97, 484 N.E.2d 126 (1985); *People ex rel. Maurer v. Jackson,* 2 N.Y.2d 259, 264, 159 N.Y.S.2d 203, 206, 140 N.E.2d 282, 284–85 (1957). *See also Briecke v. People,* 936 F.Supp. 78, 85 (E.D.N.Y.1996) (where "the assault was a material element of the burglary ... but in addition [petitioner] proceeded to commit [a] separate and distinct act," con-

secutive sentencing was proper). It is irrelevant that Tatta's assault of Lilly occurred within the same "transaction" as, or concurrently with, the burglary. *Briecke*, 936 F.Supp. at 81 ("At sentencing, the judge found that the grand larceny was a separate and distinct crime from the burglary, even though both crimes occurred simultaneously."); *Maurer*, 2 N.Y.2d at 264, 159 N.Y.S.2d at 206, 140 N.E.2d 282 ("[I]f separate and distinct acts [are] committed and ... they violate[ ] more than one section of the Penal Law, punishment for each of them [is] proper although they arose out of a single transaction."). Accordingly, Tatta's Double Jeopardy challenge is meritless.

## CONCLUSION

The petition for a writ of *habeas corpus* is denied.

**SO ORDERED.**