■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT LEWIS, JR., Appellant. [661 NYS2d 49] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered April 14, 1993, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court correctly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials. When, as in this case, an experienced police officer observes the delivery of a clear plastic vial, "the 'hallmark' of [an illicit] drug transaction" *(People v McRay,* 51 NY2d 594, 605), in exchange for money and in an area known for its narcotics activity, an inference of probable cause arises *(People*

*v McRay, supra,* at 604; *People v Goggans,* 155 AD2d 689). During the *Mapp/Huntley* hearing, the court properly credited the testimony of the police officer, who had five years experience on the force and extensive experience in making narcotics arrests. In light of the testimony of the officer, who observed the defendant exchange, for money, numerous small clear vials which contained a white powdery substance, in a location down the block from an area well known for narcotics activity, the court properly determined that there was probable cause to search and arrest the defendant *(see, People v Montano,* 207 AD2d 913).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant contends that the testimony of the officer at trial was inconsistent and unworthy of belief, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). In addition, the court did not penalize the defendant for exercising his right to a jury trial. It is well established that a sentence imposed after trial may be more severe than that proposed in connection with a plea agreement *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Velez,* 222 AD2d 539). Bracken, J. P., Copertino, Altman and Florio, JJ., concur.