■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PETERSON, Appellant. [709 NYS2d 540] —Judgment, Supreme Court, New York County (Michael Obus, J., on initial application to proceed *pro se*; Daniel FitzGerald, J., at mistrial; Ronald Zweibel, J., at jury trial and sentence), rendered May 4, 1995, convicting defendant of three counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the sentences and remanding for resentencing, and otherwise affirmed.

Defendant explicitly consented to the declaration of mistrial during his first trial and there is nothing in the record to support his claim that his consent was coerced by the court. On the contrary, defendant's consent was clearly the product of the protracted deliberations and the jury's notes insisting that it was hopelessly deadlocked. In any event, declaration of a mistrial without defendant's consent would have been a proper exercise of discretion because a unanimous verdict was unlikely and there would have been a substantial potential for coercion had the court required the jury to engage in further deliberations (CPL 310.60 [1] [a]; *see, Matter of Plummer v Rothwax*, 63 NY2d 243, 251).

Defendant's choice to represent himself at the second trial was an informed and voluntary decision. The court conducted a sufficient inquiry given that defendant had already been fully apprised by two other Justices of the dangers and disadvantages of self-representation. The circumstance that defendant abandoned self-representation and returned to representation by counsel did not nullify the warnings administered by the first two Justices.

The predicate felony statement submitted by the People failed to satisfy the requirements of CPL 400.21 (2) and Penal Law § 70.06 (1) (b) (iv) and (v), and the People's reliance on the NYSID sheet for the purpose of proving defendant's prior incarcerations during which the statute was tolled is misplaced (*see, People v Ortiz*, 188 AD2d 293, *lv denied* 81 NY2d 890; *People v Tatta*, 177 AD2d 674, *lv denied* 79 NY2d 923). Accordingly, the matter should be remanded for resentencing in order to provide the People with the opportunity to comply with the statutory requirements.

We have considered and rejected defendant's remaining claims. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.