■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT HARTMAN, Respondent. [744 NYS2d 38] —Appeal by the People from an order of the Supreme Court, Queens County

(Grosso, J.), dated June 12, 2000, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was arrested during a so-called buy and bust operation after an undercover officer observed him give a quantity of pills to a man on the street in exchange for a $10 bill at 160th Street and Jamaica Avenue in Queens County. The defendant moved, inter alia, to suppress certain items, including narcotics found on his person, as well as identification testimony by an undercover police officer, on the ground that the police did not have probable cause for his arrest. The Supreme Court concluded that the People failed to establish probable cause for the defendant's arrest and granted his motion (*see People v Hartman,* 184 Misc 2d 801).

The People established probable cause for the defendant's arrest based on the testimony of the arresting officer regarding the information transmitted to him by the undercover officer (*see People v Ketcham,* 93 NY2d 416, 419-420; *People v Washington,* 87 NY2d 945). The undercover officer transmitted his observation of the exchange of pills for money, a description of the seller and the seller's location. The defendant, who fit the description, was detained by the arresting officer and placed under arrest after the arresting officer received a transmission from the undercover officer confirming that the defendant was the seller.

The Supreme Court concluded, however, that the information transmitted by the undercover officer that the defendant exchanged a quantity of pills for a $10 bill was insufficient to establish that the officers had probable cause to believe that a crime had occurred. The Supreme Court held that in the absence of evidence of such additional factors as the officers' experience or that the conduct occurred in an area known for narcotics activity, the transaction was subject to an innocent interpretation. We disagree.

Probable cause does not require proof beyond a reasonable doubt, but merely information which would lead a reasonable person who possesses the same expertise as the officers to conclude, under the circumstances, that a crime is being or was committed (*see People v McRay,* 51 NY2d 594, 602; *People v Guo Fa Liu,* 271 AD2d 695, 696). The amount of money paid

for the pills is consistent with the sale of illegal narcotics, rather than an exchange of an over the counter remedy. The absence of explicit evidence as to prior drug activity in this location or the officers' experience in narcotics investigations does not preclude a finding of probable cause where there is evidence of a transfer of cash for items believed to contain a controlled substance (*see People v Carmona,* 208 AD2d 369; *see also People v McRay, supra* at 604). Accordingly, those branches of the defendant's motion which were to suppress physical evidence and identification testimony should be denied. O'Brien, J.P., Schmidt and Townes, JJ., concur.

Friedmann, J., dissents and votes to affirm the order, with the following memorandum: Based on my review of the record, I agree with the Supreme Court's determination that, under the facts of this case, the People failed to establish the existence of probable cause for the defendant's arrest (*see People v Hartman,* 184 Misc 2d 801). Therefore, I respectfully dissent and would affirm the order of the Supreme Court which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

The People's evidence at the suppression hearing consisted solely of the testimony of Detective John Quinn, who was acting as the investigating/arresting officer of a buy and bust operation. According to Detective Quinn, he received a radio communication from the undercover officer (hereinafter the UC) that the UC had observed a white male, later identified as the defendant, wearing a blue and purple jacket, receive $10 from a black male wearing a black and yellow jacket in exchange for a quantity of pills. About five minutes later, Detective Quinn arrived at the location of the transaction and arrested the defendant, who fit the description of the man who had received the money.

Of course, it is now well settled that "[u]nder the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer or another police agency in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham,* 93 NY2d 416, 419 [internal quotation marks omitted]; *see People v Mims,* 88 NY2d 99, 113). Where the defendant challenges the arrest by a motion to suppress, "the prosecution bears the burden of establishing that the officer imparting the information had probable cause to act" (*People v Ketcham, supra* at 420; *see People v Mims, supra* at 113-114). "Probable cause requires the

existence of facts and circumstances which, when viewed together, would lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that an offense has been or is being committed and that the person to be arrested is the perpetrator thereof" (*People v Javier,* 175 AD2d 182; *see People v Bigelow,* 66 NY2d 417; *People v Gomcin,* 265 AD2d 493, 496). However, probable cause does not exist where the behavior "is susceptible of innocent as well as culpable interpretation" (*People v De Bour,* 40 NY2d 210, 216; *see People v Gomcin, supra*).

In the instant case, I agree with Justice Grosso's determination that the People failed to present sufficient evidence at the suppression hearing to establish that probable cause existed for the defendant's arrest. At the hearing, the People failed to offer any evidence indicating how far the UC was from the defendant when the exchange of pills for money occurred. Nor was there any indication as to the extent of the UC's experience and training, or the character of the neighborhood in which the transaction took place, i.e., whether it was a drug-prone location. In fact, the location was described as a "fairly busy" commercial and residential area, and at the time of the arrest, a church service was ending. Without more, such as evidence that the area was a drug prone location or testimony regarding the UC's experience and training, or that the exchange involved "the hallmark of an illicit drug exchange" (*cf. People v McRay,* 51 NY2d 594, 604; *People v Ketcham, supra; Matter of Ramel P.,* 255 AD2d 444, 445; *People v Walker,* 251 AD2d 356, 357; *People v Lewis,* 242 AD2d 307), I do not agree that testimony that the UC observed the exchange of money for pills was sufficient to establish that the police had probable cause to arrest the defendant. [*See* 184 Misc 2d 801.]