■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WILLIAMS, Appellant. [741 NYS2d 680] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered March 27, 2001, convicting defendant, after a jury

trial, of robbery in the first and second degrees, attempted assault in the first degree, and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of vacating the persistent violent felony offender adjudication and the sentences imposed and remanding for resentencing, and otherwise affirmed.

When, after nine jurors had been selected, defendant chose to waive his presence for the rest of the trial, the court properly denied his application to discharge these jurors and recommence jury selection with a new panel. The court minimized any prejudice to defendant through its repeated instructions to the original jurors and to the entire jury to draw no adverse inference from defendant's absence (see, People v Brisbane, 205 AD2d 358, lv denied 84 NY2d 933). In any event, the situation was of defendant's own making, and he was not entitled to undo jury selection simply by electing to absent himself.

Defendant was not properly adjudicated a persistent violent felony offender. Despite defendant's objections, the People failed to establish the applicability of two of the four periods of incarceration they relied upon for the purpose of tolling the 10-year limitation on prior convictions. As to these periods, the People relied only on defendant's NYSID sheet, and did not produce Department of Correctional Services records. The NYSID sheet failed to establish defendant's actual incarceration during these two periods (see, CPL 400.15 [2]; 400.16 [2]; People v Ortiz, 188 AD2d 293, lv denied 81 NY2d 890; People v Tatta, 177 AD2d 674, lv denied 79 NY2d 923). Accordingly, defendant is entitled to a remand for resentencing, at which time the People may avail themselves of the opportunity to establish defendant's persistent felony offender status. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.