■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant. [805 NYS2d 609]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 20, 2003, convicting him of robbery in the second degree (three counts), upon a jury verdict, and sentencing him to three consecutive indeterminate terms of imprisonment of 20 years to life.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be resolved by the trier of fact (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be afforded great weight on appeal and should not be disturbed unless

clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Any error in the denial of the defendant's motion for a severance was harmless in light of the overwhelming evidence of the defendant's guilt with respect to each of the charges (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Williams*, 256 AD2d 138 [1998]).

The defendant's contention that his adjudication as a persistent violent felony offender, which was based solely on his prior felony convictions, violated his right to a jury trial is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [Oct. 31, 2005]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]). However, the sentence must nonetheless be vacated because the appellant's presentence report and NYSIID sheet, upon which the Supreme Court relied in calculating the applicable tolling periods with respect to the 10-year limitation on prior convictions (*see* Penal Law § 70.06 [1] [b] [v]), were not sufficient to satisfy that purpose (*see* CPL 400.15 [2]; *People v Williams*, 294 AD2d 174 [2002]; *People v Peterson*, 273 AD2d 88 [2000]; *People v Ortiz*, 188 AD2d 292, 293 [1992]). In any event, even if the sentencing procedure were not deficient as a matter of law, we would find the imposition of consecutive sentences of 20 years to life imprisonment upon each conviction of robbery in the second degree to be excessive under the circumstances and, in the exercise of our discretionary power (*see People v Suitte*, 90 AD2d 80 [1982]), we vacate the sentences and remit the matter to the Supreme Court for resentencing.

The defendant's remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.