■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON EVANS, Appellant. [806 NYS2d 210]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at first *Antommarchi* waiver; James A. Yates, J., at second *Antommarchi* waiver, jury trial and sentence), rendered February 3, 2004, convicting defendant of two counts of rape in the first degree and sodomy in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 20 years on the rape convictions, concurrent with a term of 20 years on the sodomy conviction, unanimously affirmed.

Defendant made a valid waiver of his right to be present at sidebar conferences during jury selection *see People v Mitchell*, 80 NY2d 519 [1992]). As the result of a scheduling problem that necessitated the recommencement of jury selection, two justices advised defendant of his rights under *People v Antommarchi* (80 NY2d 247 [1992]) on successive days. Each of these colloquies was thorough and complete, and the only difference between them was that the first colloquy contained an implication that the waiver was revocable, while the second contained no such implication. We reject defendant's argument that the omission from the second colloquy of any mention of revocation rendered the waiver invalid. The two colloquies should be viewed as a whole (*cf. People v Peterson*, 273 AD2d 88, 89 [2000] [waiver of right to counsel viewed in light of prior colloquies on risks of self-representation]). In any event, defendant did not have the right to rescind his *Antommarchi* waiver (*People v Williams*, 92 NY2d 993 [1998]), and never sought to do so.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.

■ MARIA PORTILLO, Respondent, v 137 EAST 110TH STREET, LLC, Appellant, et al., Defendants. [805 NYS2d 831]—Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 6, 2005, denying the motion of defendant 137 East 110th Street, LLC, for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Triable issues of fact exist as to whether appellant retained control over the cellar doors on its premises and, if so, whether it had constructive notice of the tripping hazard allegedly presented by those doors. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.