THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY HAYES, Appellant. [820 NYS2d 895]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered January 23, 2003, convicting him of criminal sale of a firearm in the third degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (DeRiggi, J.), of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

The arresting officer had probable cause to arrest the defendant based on his own observations at the time of the offense (*see People v Clarke,* 13 AD3d 551 [2004]; *People v Wright,* 8 AD3d 304 [2004]), and pursuant to the fellow officer rule (*see People v Ketcham,* 93 NY2d 416 [1999]; *People v Hartman,* 294 AD2d 446 [2002]).

Further, the trial court properly denied that branch of the defendant's omnibus motion which was to suppress a statement he made to the arresting officer. The defendant's statement was not the product of police interrogation, but was a spontaneous utterance (*see People v Rivers,* 56 NY2d 476 [1982]; *People v Tennant,* 22 AD3d 603 [2005]). In addition, obtaining the statement did not violate the defendant's right to counsel, as no derivative right to counsel exists, and thus, the police could interrogate the defendant outside the presence of his counsel, who represented him on an unrelated criminal matter (*see* NY2d 331 [1990]; *see also People v Steward,* ; *People v Middleton,* 180 AD2d 761 [1992]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal sale of a firearm in the third degree (counts one and two) and criminal possession of a weapon in the third degree (count four) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *cf. People v Soto*, 8 AD3d 683 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in point III of his main brief and in point I of his supplemental pro se brief are without merit. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.