■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO FIGUEROA, Appellant. [840 NYS2d 135]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 10, 2004, convicting him of grand larceny in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith.

Contrary to the defendant's contention, the People established at the suppression hearing that the police had probable cause to

arrest him (*see People v Maldonado*, 86 NY2d 631, 635 [1995]; *People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Hayes*, 32 AD3d 1047, 1047 [2006], *lv denied* 8 NY3d 985 [2007]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since defense counsel made only a general motion to dismiss the indictment and did not elaborate with specific facts or grounds the basis for dismissal (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

As the People correctly concede, the defendant was improperly sentenced as a second felony offender. Accordingly, we modify the judgment by vacating the sentence imposed, and we remit the matter to the Supreme Court, Suffolk County, so that the defendant may be resentenced. All issues concerning the appropriate sentence to be imposed may be raised before the sentencing court upon remittal. In light of our determination, the defendant's contention that the sentence is otherwise excessive has been rendered academic. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.