*579 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered October 4, 2006, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
“Probable cause requires . . . information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed” (People v McRay, 51 NY2d 594, 602 [1980]; see People v Cooper, 38 AD3d 678, 679 [2007]). “The probable cause determination of the hearing court, which had the advantage of hearing and seeing the witnesses firsthand, is to be accorded great weight on appeal, and will not be disturbed unless clearly unsupported by the record” (People v Francis, 44 AD3d 788, 789 [2007]; see People v Prochilo, 41 NY2d 759, 761 [1977]).
Here, an experienced narcotics detective observed the defendant, in a location known for drug sales, hand a small white packet to an individual in exchange for money, and thereafter, remain on the same street corner, moving back and forth, for the next three or four minutes. We are satisfied that, under the totality of the circumstances, there was sufficient information to lead a reasonable person who possessed the same expertise as the arresting detective to conclude that a crime had been committed and, therefore, that probable cause to arrest existed (see People v Jones, 90 NY2d 835, 837 [1997]; People v Tinnin, 36 AD3d 457, 458 [2007]; People v Hartman, 294 AD2d 446 [2002]; People v Mariner, 147 AD2d 659, 659-660 [1989]; People v Brown, 124 AD2d 592 [1986]).
Incident to the arrest, the detective searched the defendant’s pockets and pants cuffs, and when no evidence or weapons were *580 uncovered, asked the defendant to remove his sneakers. During the search of the sneakers, the defendant stood on the sidewalk in his socks. Forty glassine envelopes of heroin were found inside one of the sneakers. Contrary to the defendant’s contention, the removal of his sneakers was not a “strip search” because his body was not visually inspected (see People v Hall, 10 NY3d 303, 306 [2008], cert denied 553 US —, 129 S Ct 159 [2008]; People v Butler, 27 AD3d 365, 369 [2006]; cf. People v Jennings, 297 AD2d 644, 645 [2002]). In any event, the detective had a reasonable suspicion that the defendant had concealed evidence in his sneakers based upon his past experience with narcotics arrests and the fact that evidence was not found in the defendant’s other clothing (see People v Hall, 10 NY3d at 311-312). The detective’s actions were reasonable under the circumstances and limited specifically to preventing the destruction or concealment of evidence of the crime, which is a permissible objective of a warrantless search incident to an arrest (id. at 309-311; see People v Belton, 55 NY2d 49, 52-53 [1982]; People v Adams, 32 NY2d 451, 455 [1973]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.