*642 The record, taken as a whole (see People v Providence, 2 NY3d 579, 583 [2004]), demonstrates that defendant made a knowing and intelligent waiver of his right to counsel. The court conducted a thorough inquiry, in which it fully warned defendant of the risks of self-representation (see e.g. People v Peterson, 273 AD2d 88, 89 [2000] [same defendant]). Defendant’s lack of legal knowledge and difficulties in representing himself were not grounds for denying or revoking pro se status (see People v Ryan, 82 NY2d 497, 507 [1993]). “Ineptitude, inherent in almost any case of self-representation, is a constitutionally protected prerogative” (People v Schoolfield, 196 AD2d 111, 117 [1994], lv dismissed 83 NY2d 858 [1994], lv denied 83 NY2d 915 [1994]). Even though defendant had no right to hybrid representation (see People v Rodriguez, 95 NY2d 497, 501 [2000]), the court acceded to his request for an arrangement whereby he could switch back and forth between self-representation and representation by his legal advisor. Any disadvantages caused by that arrangement were of defendant’s own making.
The evidence at the Hinton hearing established an overriding interest that warranted closure of the courtroom during an undercover officer’s testimony (see Waller v Georgia, 467 US 39 [1984]; People v Ramos, 90 NY2d 490, 497 [1997], cert denied 522 US 1002 [1997]), as well as a need for the officer to testify under her shield number (see People v Waver, 3 NY3d 748 [2004]). We have considered and rejected defendant’s arguments on these issues. Concur — Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.