■ In the Matter of JOHN REYES, Petitioner, v JAMES BURKE et al., Respondents. [28 NYS3d 871]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WILSON, Appellant. [28 NYS3d 877]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J., at jury trial, Barbara F. Newman, J., at sentencing), rendered July 23, 2013, convicting defendant of robbery in the first degree and attempted assault in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 17 years, unanimously affirmed.

The court properly exercised its discretion in replacing absent jurors in two instances. A court has broad discretion to replace a juror whose absence would cause a delay of two hours (*People v Jeanty*, 94 NY2d 507, 515-517 [2000]; CPL 270.35 [2] [a]). Here, each juror's absence would have far exceeded two hours, and would have unduly disrupted a trial already plagued by delays.

The court also properly exercised its discretion in charging the jury, over defense counsel's objection, that no adverse inference should be drawn from defendant's exercise of his right not to be present. Defendant chose to absent himself late in the trial, and the court properly determined that the circumstances of the case called for such an instruction in order to explain why the trial was continuing notwithstanding defendant's absence, after he had been absent on the prior day due to illness (*see People v Brisbane*, 205 AD2d 358 [1st Dept 1994], *lv denied* 84 NY2d 933 [1994]). Defendant's claim of potential prejudice is speculative.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.