People v Spencer (2018 NY Slip Op 06574)





People v Spencer


2018 NY Slip Op 06574


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02160
2017-02161

[*1]The People of the State of New York, respondent,
v
David H. Spencer, appellant. (Ind. Nos. 1735/14, 1202/16)


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Barry Kron, J.), both imposed December 8, 2016, upon his pleas of guilty, on the grounds that the sentences were illegal and excessive.
ORDERED that the sentences are reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant's contention that he was improperly sentenced as a second felony offender is unpreserved for appellate review since he did not contest or controvert his status as a second felony offender at the sentencing hearing (see CPL 470.05[2]; People v Samms, 95 NY2d 52, 57; People v Smith, 73 NY2d 961, 962-963; People v Taylor, 132 AD3d 915, 915-916). However, we consider the issue in the exercise of our interest of justice jurisdiction (see People v Mitchell, 134 AD3d 961, 961-962; People v Smith, 127 AD3d 790, 791). The predicate felony statement filed by the People did not set forth the dates of the defendant's incarceration since the commission of his prior felony in 1996, as required by CPL 400.21(2). Consequently, the People failed to establish a sufficient tolling period to qualify the defendant's 1996 conviction as a predicate felony under Penal Law § 70.06(1)(b)(iv) and (v) (see People v Williams, 294 AD2d 174, 175; People v Peterson, 273 AD2d 88, 89; People v Tatta, 177 AD2d 674; People v Graybosch, 139 AD2d 664, 665). Under the circumstances of this case, the error was not harmless (see People v Tatta, 177 AD2d at 674-675; cf. People v Bouyea, 64 NY2d 1140, 1142). Accordingly, we vacate the sentences imposed, and remit the matter to the Supreme Court, Queens County, for resentencing.
In light of our determination, the defendant's contention that the sentences are otherwise excessive is academic (see People v Figueroa, 42 AD3d 576, 577; People v Thompson, 28 AD3d 498, 499).
SCHEINKMAN, P.J., ROMAN, COHEN, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court