■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG HAYES, Appellant. [740 NYS2d 617] —Judgment, Supreme Court, New York County (George Roberts, J.H.O., at initial application to proceed pro se; Herbert Adlerberg, J., on motion to dismiss indictment; Laura Visitacion-Lewis, J., at suppression hearing; Laura Drager, J., at jury trial and sentence), rendered January 20, 2000, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The record, viewed as a whole, and with particular reference to defendant's extensive criminal history and his colloquies with two justices and a judicial hearing officer, establishes that his waiver of the right to counsel was knowing, intelligent and voluntary (*see, People v Whitted*, 113 AD2d 454, *lv denied* 67 NY2d 952; *see also, People v Peterson*, 273 AD2d 88). In the circumstances presented, we find no legal infirmity in the fact that one of the inquiries concerning defendant's understanding of the risks of self-representation was conducted by a judicial hearing officer, to whom this case had been referred for a suppression hearing that was ultimately adjourned and then conducted by a sitting justice. Upon referral of a motion, a judicial hearing officer entertains such motion "in the same manner as a court," and, in so doing, has "the same powers as a judge of the court making the assignment," except that the judicial hearing officer files a report rather than determining the motion (CPL 255.20 [4]). In any event, we need not decide

whether a judicial hearing officer has the power to authorize a defendant to proceed pro se at a hearing, since the ultimate decision to permit this defendant to represent himself at the hearing and trial was made by the hearing and trial justices, respectively.

The motion court properly denied, as untimely, defendant's pro se motion to dismiss the indictment on the ground that he had been denied the right to testify before the grand jury. Counsel's failure to file a timely motion did not constitute ineffective assistance (*People v Wiggins*, 89 NY2d 872, 873; *People v Hook*, 246 AD2d 470, *lv denied* 92 NY2d 853). In any event, such a motion would have been unavailing since the record reveals that defendant lost his opportunity to testify before the grand jury through his own indecision as to whether or not he still wished to do so.

We perceive no basis for a reduction of sentence. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Lerner, JJ.