■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN WESTERGREEN, Appellant. [749 NYS2d 418] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 18, 2000, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant was properly permitted to represent himself at his suppression hearing. The record, as expanded, establishes that defendant had been warned of the risks and disadvantages of proceeding pro se and that his waiver of his right to counsel was voluntary and intelligent (*see People v Hayes*, 293 AD2d 393; *People v Peterson*, 273 AD2d 88; *People v Whitted*, 113 AD2d 454, *lv denied* 67 NY2d 952).

Defendant's claim that the court should have delivered an expanded identification charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court sufficiently instructed the jury on the issue of identification (*see People v Knight*, 87 NY2d 873; *People v Whalen*, 59 NY2d 273), particularly since defendant's principal theory throughout the case was that he was framed by the prosecutor's office, not that he was misidentified (*see People v Calderon*, 185 AD2d 853, *lv denied* 80 NY2d 973).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329, *cert denied* 534 US 899). Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.